**Zigmond Michael BOSKY, Petitioner,**

v.

**Dr. Pasquale J. CICCONE, Warden, Respondent.**

**No. 16119–1.**

United States District Court
W. D. Missouri, W. D.

Nov. 7, 1966.

Zigmond Michael Bosky, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

The response to our order to show cause states that the United States of America intends to dismiss present charges against petitioner "when suitable arrangements can be made for petitioner's transfer to an appropriate institution in the state of his residence or to a facility of the United States Veterans' Administration."

Respondent also states that the Veterans Administration has forwarded a Form 10–P–10 for petitioner's signature "which will permit petitioner to be admitted to a Veterans Administration facility after charges pending against him are dismissed" but that "petitioner has refused to complete this form."

■ It is obvious that before petitioner's signature on Form 10–P–10 or any other form can have any legal validity it must be authorized by judicial order. See Kurnava v. United States, W.D.Mo. 1966, 222 F.Supp. 822.

■ Petitioner has long been adjudicated to be mentally incompetent to stand trial; has been held in the Medical Center since December of 1965; has been recommended for transfer since March of this year; but is still being held for some indefinite period of time on the apparent but legally untenable theory there are no limitations on the period of time within which respondent must be successful in his "efforts to obtain appropriate hospitalization for petitioner."

The particular factual situation presented by this case makes it possible for this Court to dispose of this matter as law and justice require, pursuant to the command of Section 2243 of Title 28, United States Code.

The case involves the question of how petitioner is to be transferred from one federal institution to another federal institution. We are, of course, cognizant of the administrative difficulties that inhere in the administration of present Chapter 313 of the United States Code. We are also cognizant of difficulties that are sometimes created by inadvertent administrative misunderstandings. Compare Clark v. Settle, W.D.Mo.1962, 206 F. Supp. 74. But we cannot ignore the fact that after service with the armed forces in the European Theatre, petitioner was returned to the United States and was a mental patient in a Veterans Hospital in Northampton, Massachusetts, from 1945 to 1956. There is some suggestion that a lobotomy was performed at that hospital in 1955. For reasons that do not appear of record, petitioner's additional confinements in mental institutions since that time have been in hospitals other than those maintained by the Veterans Administration.

It is obvious that the Veterans Administration for over an eleven year period determined that petitioner was entitled to hospitalization in institutions maintained by it. We only infer that the only present barrier to admission at the present time is created by petitioner's legal inability to execute Form 10–P–10.

■ In order that such form be legally executed, and in order that justice be done, the respondent is hereby appointed guardian ad litem of petitioner for the sole purpose of executing Veterans Administration Form 10–P–10 on behalf of petitioner. Respondent is directed to sign said form: "Zigmond Michael Bosky, by Pasquale J. Ciccone, M. D., guardian ad litem, pursuant to appointment and order of the United States District Court for the Western District of Missouri dated November 7, 1966, in Case No. 16119–1" and to return that executed form to the Veterans Administration.

Until otherwise advised, we must assume that the Veterans Administration will indicate that petitioner will then be eligible for admission in an appropriate Veterans Administration hospital upon being presented with the Form 10–P–10 legally executed pursuant to the order of this Court as soon as the charges against petitioner are dismissed.

In recognition of the fact that correspondence between various branches of the United States Government will be necessary to accomplish the transfer of petitioner, it is

Ordered that Form 10–P–10 be immediately executed as above directed and returned to the Veterans Administration. It is

Further ordered that immediate and final arrangements be made for the dismissal of the pending charges against petitioner so that the Veterans Administration may be promptly advised in order that petitioner may be immediately admitted in an institution maintained and operated by it. It is

Further ordered that respondent file a preliminary report within ten (10) days in which this Court be advised of the steps taken to comply with this order. It is

Further ordered that jurisdiction of this cause be retained so that further appropriate orders may be entered including but not limited to an order directing that petitioner be transported and released in the judicial district of the United States in which the appropriate Veterans Administration hospital may be located so that, if necessary, additional appropriate orders may be entered by the judge of that particular judicial district of the United States.